UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 08 3139

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 31 2008
BROOKLYN OFFICE

MAUSKOPF, J.
REYES, M.J.

WEB TRACKING SOLUTIONS, INC. and
DANIEL WEXLER,

      *Plaintiffs*,

v.

GOOGLE, INC.,

      *Defendant.*

Case No:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Web Tracking Solutions ("WTS") and Daniel Wexler ("Wexler") bring this action for patent infringement against defendant Google, Inc. ("Google"), seeking damages and injunctive relief. Plaintiffs allege as follows:

### PARTIES

1. WTS is a corporation organized under the laws of the state of New York, having its principal place of business at 155 Water Street, Brooklyn, New York 11201.

2. Wexler is an individual residing at 481 Stratford Rd., Brooklyn, New York 11218.

3. Upon information and belief, Google is a corporation organized under the laws of the state of Delaware having its principal place of business at 1600 Amphitheatre Parkway Mountain View, California 94043. Google has offices in the Eastern District of New York located at 76 Ninth Avenue, 4th Floor, New York, New York 10011, under the name of Google New York. Google is authorized to do business within the state of New York, and regularly conducts

business in this jurisdiction.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, alleging infringement of United States Patent No. 5,960,409 ("the '409 patent"). A copy of the '409 patent is attached hereto as **Exhibit A** and is incorporated herein by reference in its entirety.

5. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Google because Google has conducted business in this district and upon information and belief has infringed, contributed to the infringement of, and/or actively induced others to infringe the '409 patent in this district as alleged in this Complaint. Finally, Google has offices in this district as described in Paragraph 3.

7. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b) because a) Google is subject to personal jurisdiction in this judicial district and at least makes, uses, sells or offers for sale products and/or services in this district that when utilized fall within the scope of the claims of the '409 patent (and thus for purposes of venue resides in the Eastern District of New York) and b) the invention claimed by the '409 patent was invented in this district, and thus a substantial part of the events giving rise to the claim occurred within this judicial district.

## PATENT-IN-SUIT

8. The '409 patent entitled "Third-Party On-Line Accounting System and Method Therefor" was duly and legally issued to Wexler on September 28, 1999.

9. The '409 patent is valid and enforceable.

10. The inventor and owner of the '409 patent is Wexler.

11. WTS is the exclusive licensee of the '409 patent, having all rights in the '409 patent

including the right to bring suit.

## COUNT I:
## GOOGLE PATENT INFRINGEMENT UNDER 35 U.S.C. 271 OF THE '409 PATENT

12. WTS and Wexler incorporate by reference the allegations of paragraphs 1-11.

13. Google has directly or indirectly infringed the '409 patent at a minimum by making, using, selling, and/or offering for sale products and/or services that provide accounting for internet advertising publishers. Upon information and belief, the infringing product and/or service is called AdSense.

14. Google has caused and will continue to cause WTS and Wexler substantial damage and irreparable injury by virtue of its continuing infringement.

15. WTS and Wexler are entitled to recover from Google the damages sustained by WTS and Wexler as a result of Google's wrongful acts in an amount subject to proof at trial and an injunction preventing Google from continuing its wrongful acts.

16. Upon information and belief and after an opportunity for further discovery, Google's infringement of the '409 patent is willful and deliberate.

17. Google has had knowledge of the '409 patent since at least April 2007.

18. Google's willfulness is shown at least by its making, using, offering for sale, selling, or developing the infringing product and/or service, in view that Google was aware that any such product and/or service must necessarily fall within the scope of the '409 patent.

**PRAYER FOR RELIEF**

WHEREFORE, WTS and Wexler respectfully request that the Court enter a judgment as follows:

A. That Google has infringed the '409 patent under 35 U.S.C. § 271;

B. Permanently enjoining and restraining Google, their officers, directors, agents,

3

servants, employees, licensees, successors, assigns, those in active concert and participation with them, and all persons acting on their behalf or within their control under 35 U.S.C. § 283 from further acts that infringe the '409 patent, including, but not limited to, making, using, selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of all infringing products and/or services produced by Google, including AdSense;

C. Requiring Defendants to:

1. Send a copy of any decision in this case in favor of WTS and Wexler to each person or entity to whom Google has sold, offered or otherwise distributed any products and/or services found to infringe the '409 patent, or induced to infringe the '409 patent, and informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful;

2. Discontinue use of all infringing software produced by Google; and

3. File with the Court and serve upon WTS and Wexler, within thirty (30) days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which Google has complied with the Court's orders as prayed for.

D. Awarding WTS and Wexler patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284 including, but not limited to, lost profits and/or a reasonable royalty;

E. Awarding WTS and Wexler treble damages for willful infringement pursuant to 35 U.S.C. § 284;

F. Declaring the case exceptional and awarding WTS and Wexler reasonable costs and attorneys fees pursuant to 35 U.S.C. § 285;

G. That Google be ordered to pay all of WTS and Wexler's costs associated with this action; and

H. Granting WTS and Wexler such other and further relief as justice and equity may require.

## JURY DEMAND

WTS and Wexler request a jury trial.

Respectfully submitted,

WEB TRACKING SOLUTIONS, INC.,
DANIEL WEXLER,

By their attorneys,

HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP

Dated: July 31, 2008     By: _____
Steven M. Hayes
Paul J. Hanly, Jr.
Jayne Conroy
112 Madison Ave.
New York, NY 10016-7416
(212) 784-6400
(212) 784-6420 – facsimile
E-mail: shayes@hanlyconroy.com

Paul A. Lesko (*pro hac vice* motion pending)
Steve C. Smith (*pro hac vice* motion pending)
Jo Anna Pollock (*pro hac vice* motion pending)
SIMMONSCOOPER LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024
(618) 259-2222
(618) 259-2251 – facsimile
E-mail: plesko@simmonscooper.com

Edward C. Flynn (*pro hac vice* motion pending)
Paul D. Steinman (*pro hac vice* motion pending)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-2063
(412) 566-6099 – facsimile
E-mail: eflynn@eckertseamans.com