UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEB TRACKING SOLUTIONS, LLC. and DANIEL WEXLER,<br><br>     Plaintiffs,<br><br>  v.<br><br>GOOGLE, INC.<br><br>     Defendant. | Case No. **08-cv-03139** (**RRM**) (**RER**) |

### SCHEDULING ORDER

On this 2nd day of December, 2008, the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1(a),

IT IS ORDERED that:

  1.  The parties shall submit a stipulated protective order to the Court on or before **December 10, 2008**, or, should they fail to agree by that date, they shall file a joint letter summarizing the remaining points of dispute no later than **December 15, 2008**. The Court shall, if necessary, hold a hearing or telephonic conference to resolve those points of dispute as soon as possible following submission of the joint letter.

  2.  The parties shall exchange their initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) on or before **December 17, 2008**.

  3.  On or before **January 30, 2009**, Web Tracking Solutions, LLC and Daniel Wexler (collectively, "Plaintiffs") shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately and as specifically as possible, the following information:

(a) Identification of each claim of each patent in suit that is allegedly infringed by the Defendant;

(b) Separately for each asserted claim identified in part (a) above, identification of each Accused Instrumentality of which the Plaintiffs are aware. This identification shall specify and shall include at least identification of the Accused Instrumentality and all accused aspects or elements thereof;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality, and if present under the doctrine of equivalents, why Plaintiffs contend that any differences are not substantial;

(e) Separately for each asserted claim identified in part (a) above, identify the earliest invention date to which each such asserted claim allegedly is entitled, the basis therefor, and identify all documents evidencing the conception and reduction to practice of each claimed invention, which were created on or before the date of application for the patent in suit or a priority date otherwise identified for the patent in suit, whichever is earlier; and

(f) If Plaintiffs wish to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other

instrumentality practices the claimed invention, Plaintiffs must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality.

4. Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," Plaintiffs shall produce, or make available for inspection and copying, the following:

    (a) A copy of the file history for the patent-in-suit.

    (b) All licenses, current or expired, for the patent-in-suit.

    (c) All rulings in any other cases in which the patents have been asserted, regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

    (d) Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, the claimed invention prior to the date of application for each patent. Plaintiffs' production of these documents shall not constitute an admission that any such document evidences or is prior art under 35 U.S.C. § 102.

    (e) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application or the priority date identified in the patent.

    (f) All documents evidencing the coverage of its own products or systems or those of its licensees by the patent in suit, including documents sufficient to demonstrate marking of such products with the patent in suit and the periods of marking.

5. Defendant shall serve its "Preliminary Invalidity Contentions" on or before **March 4, 2009**, which must include as specifically as possible the following:

(a) Each item of prior art that Defendant contends anticipates each specified claim.

(b) Each item or combination of prior art that Defendant contends renders each specified claim obvious and the motivation to combine such items.

(c) A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that Defendant contends is governed by 35 U.S.C. § 112(6), a description of the function of that element, the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

(d) Any grounds of invalidity for any of the asserted claims based on indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. §112(1).

(e) Documents sufficient to show the structure and operation of each Accused Instrumentality identified by the Plaintiffs in their chart pursuant to 3(b) above. This disclosure does not limit Plaintiffs' right to seek other documents and things through discovery.

6. The parties shall file any motion to join additional parties to the action no later than **March 31, 2009**.

7. On or before **April 5, 2009**, each party will simultaneously exchange Proposed Claim Terms and Phrases for Construction in a *Markman* hearing. The parties shall meet and

confer shortly thereafter to identify claim terms and phrases that are in dispute, and claim terms and phrases that are not in dispute.

8. On or before **April 25, 2009**, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such preliminary claim construction shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. At the same time the parties exchange their respective preliminary claim constructions, they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions and citations to learned treatises and prior art. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.

9. The parties shall file any motion seeking to amend the pleadings no later than **April 30, 2009**.

10. The Court will hold a *Telephone Conference* on **May 1, 2009 at 10:00 a.m.**, which will be initiated by plaintiffs' counsel.

11. The parties shall simultaneously exchange Disputed Claim Terms Charts on **May 26, 2009**, listing:

>   (a) the construction of those claim terms, phrases, or clauses on which the parties agree;
>
>   (b) each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any

extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

 (c) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, as well as the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert, including a specific identification of the expert's areas of expertise, the anticipated scope of their testimony, and a copy of each expert's curriculum vitae.

This document will not be filed with the Court.

 12. The parties shall file simultaneous *Markman* briefs regarding any disputed claims construction issues no later than **June 10, 2009**.

 13. If either party identifies experts for testimony at the *Markman* hearing pursuant to Paragraph 10(c) above, the following deadlines shall apply:

 (a) Disclosure of expert reports, affidavits, declarations, or any other materials which would disclose the scope and substance of an expert's testimony, by **June 2, 2009**;

 (b) Completion of initial expert depositions by **June 16, 2009** (if necessary);

 (c) Rebuttal reports, affidavits, declarations, or any other materials which would disclose the scope and substance of a rebuttal expert's testimony, as well as a curriculum vitae for each rebuttal expert due by **June 30, 2009**;

(d) Completion of rebuttal expert depositions by **July 7, 2009** (if necessary).

14. The parties shall file responsive *Markman* briefs no later than **July 14, 2009**, and will file with the Court a Joint Disputed Claim Terms Chart containing the information discussed in paragraph 11 no later than **July 21, 2009**.

15. A *Markman* hearing will be held at the Court's convenience upon completion of the briefing in items 12 and 14.

16. The parties shall serve subpoenas upon any third-party witnesses seeking the production of documents and/or deposition no later than **60 days** prior to the close of fact discovery.

17. The parties shall file a ***Joint Status Report*** setting forth the status of fact discovery and the status of any settlement discussions no later than **August 17, 2009**. If either Plaintiffs or Defendant believes that additional time is required to complete fact discovery, a request for more time shall be made in the joint report.

18. The Court will hold a ***Status Conference*** on **August 25, 2009 @ 10:00 a.m**. If no additional time is granted by the Court, fact discovery will close on **September 17, 2009**.

19. The parties shall serve their initial expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), on issues for which they bear the burden of proof, no later than **45 days** after the Court issues its *Markman* ruling.

20. The parties shall serve responsive expert reports, pursuant to Federal Rule of Civil Procedure 26(a)(2), no later than **30 days** after service of initial expert reports.

21. Depositions of the experts shall be conducted no later than **30 days** after service of responsive expert reports.

22. All motions for exclusion of expert opinions or for summary judgment shall be filed no later than **90 days** after service of the responsive expert reports.

23. The Court will hold a *Final Pre-trial Conference* on **May 26, 2010 @ 10:00 A.M.** or an alternative date subsequent to (i) service of responsive expert reports and (ii) the Court's *Markman* ruling.

24. In the event that a subsequent agreement or order alters any date proposed in this schedule, the parties agree to cooperate in good faith and make equivalent or reasonably equivalent alterations to subsequent and related dates set out herein.

*Ramon E. Reyes, Jr.*

**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**