UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEB TRACKING SOLUTIONS, LLC. and DANIEL WEXLER,<br><br>                Plaintiffs/Counterclaim Defendants,<br><br>     v.<br><br>GOOGLE, INC.<br><br>                Defendant/Counterclaim Plaintiff. | Case No. 1:08-cv-03139 (RRM) (RER) |

## ANSWER AND COUNTERCLAIMS

Google, Inc. ("Google") by and through the undersigned counsel, answers the Second Amended Complaint of Web Tracking Solutions, LLC ("Web Tracking") and Daniel Wexler ("Wexler") (collectively, "Plaintiffs"), as follows:

1. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Second Amended Complaint and therefore denies them.

2. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Second Amended Complaint and therefore denies them.

3. Google admits that Google is a corporation organized under the laws of the state of Delaware and admits that it has a place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google further admits that it has offices at 76 Ninth Avenue, 4th Floor, New York, New York 10011 and that it is authorized to conduct business in

New York. Google admits that it has conducted some business in this district, but denies the remaining allegations of paragraph 3 of the Second Amended Complaint.

4. Google admits that Plaintiffs' Second Amended Complaint purports to assert claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and that Plaintiffs' Second Amended Complaint alleges infringement of United States Patent No. 5,960,409 (the "'409 patent"), but denies that any of those claims are valid or sustainable. Google admits that what purports to be a copy of the '409 patent is attached as Exhibit A of the Second Amended Complaint. Google denies any remaining allegations of paragraph 4 of the Second Amended Complaint.

5. Google denies liability, but admits that this Court has subject matter jurisdiction over this action as pled in paragraph 5 of the Second Amended Complaint. Google denies any remaining allegations of paragraph 5 of the Second Amended Complaint.

6. In response to paragraph 6 of the Second Amended Complaint and solely for the purposes of this action, Google does not contest that it is subject to personal jurisdiction in this district. Google admits that it has conducted business in this district, but denies that it has infringed, contributed to the infringement of, and/or actively induced others to infringe the '409 patent in this or any other district. Google denies that it has offices in this district as described in paragraph 3 of the Second Amended Complaint. Google denies any remaining allegations of paragraph 6 of the Second Amended Complaint.

7. In response to paragraph 7 of the Second Amended Complaint and solely for the purposes of this action, Google does not contest venue in this district. The interests and convenience of the parties, however, would be better served by transferring this case to a different district. Google denies that it makes, uses, sells or offers for sale products and/or

services that when utilized fall within the scope of the '409 patent in this or any other district. Google denies the remaining allegations of paragraph 7 of the Second Amended Complaint.

8. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Second Amended Complaint and therefore denies them.

9. Google denies the allegations of paragraph 9 of the Second Amended Complaint.

10. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Second Amended Complaint and therefore denies them.

11. Google lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Second Amended Complaint and therefore denies them.

## Count I

12. As to paragraph 12 of the Second Amended Complaint, Google reasserts and incorporates by reference its responses to paragraphs 1-11 of the Second Amended Complaint as if fully set forth herein.

13. Google denies the allegations of paragraph 13 of the Second Amended Complaint.

14. Google denies the allegations of paragraph 14 of the Second Amended Complaint.

15. Google denies the allegations of paragraph 15 of the Second Amended Complaint.

16. Google denies the allegations of paragraph 16 of the Second Amended Complaint.

17. The allegations of paragraph 17 of the Second Amended Complaint contain a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations of paragraph 17 of the Second Amended Complaint.

18. Google denies the allegations of paragraph 18 of the Second Amended Complaint.

### Prayer for Relief

Google denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief, or any other relief.

### Jury Demand

Google admits that Plaintiffs demand a trial by jury.

### AFFIRMATIVE AND OTHER DEFENSES

Google's investigation of Plaintiffs' claims and Google's defenses thereto is ongoing. In further answer to the Second Amended Complaint, Google asserts the following affirmative and/or other defenses. Nothing in Google's listing of these defenses here should be interpreted as imposing on Google a burden of proof that it would not otherwise have. Google reserves the right to assert additional affirmative and/or other defenses as further information is obtained.

### First Affirmative Defense: Noninfringement of the '409 Patent

19. Google is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '409 patent.

**Second Affirmative Defense: Invalidity of the '409 Patent**

20. Each claim of the '409 patent is invalid for failure to meet the "Conditions for Patentability" of 35 U.S.C. §§ 102(a), 102(b), 102(c), 102(e), 102(g), and 103 because the alleged invention thereof is taught by, suggested by, and/or, would have been obvious to a person of ordinary skill in the art at the time of the alleged invention in view of, the prior art, alone or in combination, including but not limited to U.S. Patent No. 5,712,979, U.S. Patent No. 5,717,860, U.S. Patent No. 5,751,956, and U.S. Patent No. 5,812,769.

21. Each claim of the '409 patent may be invalid under 35 U.S.C. § 112(1) because the claims fail to enable one skilled in the art to make and use the full scope of the claimed invention without undue experimentation, particularly in view of how Plaintiffs may assert that the claims of the '409 patent should be interpreted. Each claim of the '409 patent is invalid under U.S.C. § 112(2) because the claims fail to particularly point out and distinctly claim the subject matter which the applicant regarded as his invention.

22. Each claim of the '409 patent may be invalid for failure to conform to the limitations of 35 U.S.C. § 101, because the process claimed constitutes or contains fundamental principles and/or abstract ideas and is not sufficiently tied to a particular machine or apparatus. The law in this area is currently under development and Google reserves its right to amend its position based on application of the test articulated in *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008), in Internet-related or other relevant contexts.

**Third Affirmative Defense: Unenforceability due to Laches**

23. The '409 patent is unenforceable, in whole or in part, against Google under the doctrines of laches, in light of Plaintiffs' unreasonable and inexcusable delay in bringing suit on any valid rights in the '409 patent.

24. Plaintiffs' delay in attempting to protect any valid rights in the '409 patent has materially prejudiced Google, including but not limited to economic prejudice.

**Fourth Affirmative Defense: Unenforceability due to Expiration**

25. The '409 patent expired on October 29, 2003 for failure to pay the maintenance fee required by 35 U.S.C. § 41.

26. The '409 patent is unenforceable, in whole or in part, against Google with respect to any period of time for which the patent was expired.

**Fifth Affirmative Defense: Damages Limitation**

27. The '409 patent expired on October 29, 2003 for failure to pay the maintenance fee required by 35 U.S.C. § 41.

28. Plaintiffs cannot seek damages for the period in which the '409 patent was expired.

**Sixth Affirmative Defense: Unavailability of Injunctive Relief**

29. Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief.

30. Plaintiffs have an adequate remedy at law.

**Seventh Affirmative Defense: Prosecution History Estoppel**

31. The accused products and services do not contain all elements of any valid and enforceable claim of the '409 patent, read literally or under the doctrine of equivalents, including by reason of prosecution history estoppel triggered by statements, representations, and admissions made during prosecution of the '409 patent.

### Eighth Affirmative Defense: Lack of Standing

32. Upon information and belief, by reason of the assignment records in the USPTO assignment database, Plaintiff Web Tracking lacks standing to bring and/or maintain the present action.

### Ninth Affirmative Defense: Failure to Join an Indispensable Party

33. Upon information and belief, by reason of the assignment records in the USPTO assignment database, Plaintiffs have failed to name or join an indispensable party or parties to the present action, including but not limited to certain persons or entities who may claim ownership of the '409 patent.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google, Inc. ("Google") for its Counterclaims against Web Tracking Solutions, LLC ("Web Tracking") and Daniel Wexler ("Wexler") (collectively, "Plaintiffs"), alleges as follows:

### THE PARTIES

1. Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Pkwy, Mountain View, California 94043.

2. Plaintiffs allege that Web Tracking is a limited liability corporation organized under the state of New York, with its principal place of business at 155 Water Street, Brooklyn, New York 11201.

3. Plaintiffs allege that Wexler is an individual residing at 481 Stratford Rd., Brooklyn, New York 11218.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

5. This Court has jurisdiction over Plaintiffs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d).

## BACKGROUND FOR COUNTERCLAIMS

7. The '409 patent was issued, albeit improperly, by the United States Patent and Trademark Office on September 28, 1999.

8. Plaintiffs have alleged that certain acts by Google infringe the '409 patent.

9. An actual controversy exists between Google and Plaintiffs regarding the validity and infringement of the '409 patent.

### FIRST CAUSE OF ACTION: Declaratory Judgment of Non-infringement

10. Google reasserts and incorporates the allegations contained in paragraphs 1 through 33 of the answer and defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. Google has not infringed and is not infringing any valid and enforceable claim of the '409 patent.

### SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity

12. Google reasserts and incorporates the allegations contained in paragraphs 1 through 33 of the answer and defenses herein and paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. Each claim of the '409 patent is invalid for failure to meet the "Conditions for Patentability" of 35 U.S.C. §§ 102(a), 102(b), 102(c), 102(e), 102(g), and 103 because the

alleged invention thereof is taught by, suggested by, and/or, would have been obvious to a person of ordinary skill in the art at the time of the alleged invention in view of, the prior art, alone or in combination, including but not limited to U.S. Patent No. 5,712,979, U.S. Patent No. 5,717,860, U.S. Patent No. 5,751,956, and U.S. Patent No. 5,812,769.

14. Each claim of the '409 patent may be invalid under 35 U.S.C. § 112(1) because the claims fail to enable one skilled in the art to make and use the full scope of the claimed invention without undue experimentation, particularly in view of how Plaintiffs may assert that the claims of the '409 patent should be interpreted. Each claim of the '409 patent is invalid under U.S.C. § 112(2) because the claims fail to particularly point out and distinctly claim the subject matter which the applicant regarded as his invention.

15. Each claim of the '409 patent may be invalid for failure to conform to the limitations of 35 U.S.C. § 101, because the process claimed constitutes or contains fundamental principles and/or abstract ideas and is not sufficiently tied to a particular machine or apparatus. The law in this area is currently under development and Google reserves its right to amend its position based on application of the test articulated in *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008), in Internet-related or other relevant contexts.

**THIRD CAUSE OF ACTION: Declaratory Judgment of Unenforceability**

16. Google reasserts and incorporates the allegations contained in paragraphs 1 through 33 of the answer and defenses herein and paragraphs 1 through 15 of these counterclaims as if fully set forth herein.

17. The '409 patent is unenforceable due to laches and/or patent expiration.

18. Plaintiffs unreasonably and inexcusably delayed in bringing suit on any valid rights in the '409 patent.

9

19. Plaintiffs' delay in attempting to protect any valid rights in the '409 patent has materially prejudiced Google, including but not limited to economic prejudice.

**RELIEF REQUESTED**

**WHEREFORE**, Google respectfully requests the following relief:

(a) A judgment in favor of Google denying Plaintiffs all relief requested in this action and dismissing each claim of the Complaint with prejudice;

(b) A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '409 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '409 patent;

(c) A judgment declaring that each claim of the '409 patent is invalid and/or unenforceable;

(d) A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees; and

(f) That the Court award Google such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY**

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

DATED:  December 9, 2008                By:   /s/
                                        CHARLES K. VERHOEVEN
                                        QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
                                        50 California Street, 22nd Floor
                                        San Francisco, California  94111
                                        Telephone:     (415) 875-6600
                                        Facsimile:     (415) 875-6700
                                        Email: charlieverhoeven@quinnemanuel.com

                                        EDWARD J. DEFRANCO
                                        THOMAS D. PEASE
                                        JAMES M. GLASS
                                        ALEXANDER RUDIS
                                        PATRICK D. CURRAN
                                        QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
                                        51 Madison Avenue, 22nd Floor
                                        New York, New York  10010
                                        Telephone:     (212) 849-7000
                                        Facsimile:     (212) 849-7100
                                        Email: edwarddefranco@quinnemanuel.com


                                        Attorneys for Defendant
                                        GOOGLE, INC.