UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEB TRACKING SOLUTIONS, LLC. and DANIEL WEXLER,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE, INC.<br><br>    Defendant. | Case No. 1:08-cv-03139 (RRM) (RER) |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

### INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case designated as set forth in Items A-C below shall be identified collectively in this Order by the title "Protected Information."

A.  **Information Designated as Confidential**

1.  For purposes of this Order, "Confidential Information" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential technical, sales, marketing,

financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any Confidential Information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any Confidential Information may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3. All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4. Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Confidential Information and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as Confidential Information prior to furnishing copies to the receiving party.

5. The following information is not Confidential Information:

    (a) Published advertising materials;

    (b) Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

    (c) Any information that the receiving party can show was already known to it prior to the disclosure;

(d) Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(e) Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Information.

6. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

(a) Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(b) Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 17-22 herein, and who have signed the form attached hereto as Attachment A;

(c) Appropriate corporate representatives;[1]

(d) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

---

[1] The parties have agreed to continue their discussion regarding the specific in-house personnel who will be authorized to review Confidential Information pursuant to this paragraph. The parties contemplate that up to four (4) in-house counsel with responsibility for managing this litigation and one officer level employee of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action will be designated as representatives. The parties have agreed to exchange information on potential designees, including Daniel Wexler. If a dispute arises regarding corporate representatives, the parties agree to file a joint letter brief with the Court within seven (7) business days of not being able to resolve the dispute.

(e) Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors.

**B.     Information Designated as Confidential Outside Counsel Only**

7.      The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for Confidential Information that constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), Confidential Information relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

8.      Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to:

(a)     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

(b) Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 17-22 herein, and who have signed the form attached hereto as Attachment A;

(c) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and

(d) Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors.

C. **Information Designated as Restricted Confidential - Source Code**

9. The Parties agree to cooperate on the scope of the portions of proprietary source code that are appropriate for production in this case. At a minimum, all proprietary source code produced will be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY.

10. In addition, the Parties have discussed the possibility of providing additional protections for proprietary source code, such as setting up a secure reading room located at a neutral, third-party site having limited access and other security restrictions. Given the current scope of the technical issues in this case, Google does not believe that production of portions of source code requiring such additional protections will be necessary. If, however, Plaintiffs request the production of source code that in Google's view does require such protections, the parties further agree that: (a) Google has properly reserved its right to object to the production of such code, and (b) Google may request that the parties reopen their discussions regarding a reading room location and procedures for the security of such source code.

11. If disputes arise pursuant to this Section, including disputes regarding the scope of production or protection for specific portions of source code, the parties agree to present any disputed issues to the Court in a joint letter brief filed within seven (7) business days of not being able to resolve the dispute.

## **PROSECUTION BAR**

12. Prosecution Activity shall mean: (1) prepare and/or prosecute any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; (2) prepare patent claim(s)on behalf of a patentee or assignee of patentee's rights; (3) participate in any reissue or reexamination proceedings on behalf of a patentee or assignee of patentee's rights; or (4) provide advice, counsel or suggestions regarding, or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s)on behalf of a patentee or assignee of patentee's rights .

13. Any person reviewing any of an opposing party's Confidential Materials, Confidential Outside Counsel Only Materials or Source Code (all of which shall also be referred to as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any Prosecution Activity on behalf of a party asserting a patent in this case. Furthermore, any person reviewing Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage in any Prosecution Activity involving claims on a method, apparatus, or system for providing on-line third party accounting and statistical information regarding Internet advertising. These restrictions are collectively referred to as the "Prosecution Bar."

14. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews Prosecution Bar Material and shall not be imputed to any other persons or attorneys at the attorneys' law firm. It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Material shall not be restricted from engaging in Prosecution Activity on other matters that fall within the Prosecution Bar.

15. Under no circumstances shall the following documents and materials constitute Prosecution Bar Materials: (i) documents and information related only to damages or reasonably royalty rates; (ii) publications, including patents and published patent applications; (iii) materials regarding 3rd party systems or products that were publicly known, on sale, or in public use before October 11, 1996, unless such materials are designated as Prosecution Bar Materials by a 3rd party; and (iv) information that is publicly available.

16. "Prior Art" shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding 3rd party systems or products that were publicly known, on sale, or in public use before March 30, 2001, unless such materials are designated as Prosecution Bar Materials by a 3rd party. The Parties agree that the selection of March 30, 2001 does not constitute an admission or concession of any sort on any issue by either party.

17. Nothing in paragraphs 11-15 shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

## DISCLOSURE OF TECHNICAL ADVISERS

18. Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining,

defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel. The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it necessary to consult and whom complies with paragraph 19.

19. No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 20, that objection is resolved as discussed below.

20. A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice by email to the producing party, who shall have five (5) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

21. A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

22. If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within five (5) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the five (5) business day period shall operate as an approval of disclosure of the Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

23. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information, (2) disclosure of the Protected Information would result in a clearly defined and serious injury to the objecting party's business, and (3) the proposed technical advisor is in a position to allow the Protected Information to be disclosed to the objecting party's competitors.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

24. The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

25. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not

preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

26. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

27. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

28. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and which identifies on its face the present director, officer, and/or employee as an author or recipient;

(b) A former director, officer, agent and/or employee of a producing party may be examined and may testify at deposition or trial concerning all Protected Information of

which he or she has prior knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections; and

    (c) Non-parties may be examined or testify at depositions or trial concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

29. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

30. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as Restricted Confidential - Source Code , the provisions of Section C are controlling to the extent those provisions differ from this paragraph.

31. Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that

access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

32. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter. This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## NONPARTY USE OF THIS PROTECTIVE ORDER

33. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

34. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## NO WAIVER OF PRIVILEGE

35. Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for

51462/2671710.4

13

the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

## **MISCELLANEOUS PROVISIONS**

36. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

37. Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

38. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

39. If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other

51462/2671710.4

15

request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

40. Testifying experts shall not be subject to discovery on any draft of their reports in this case. A testifying expert's draft reports, outlines, or notes (including notes not forming the basis for a draft or final report) are exempt from production and discovery.

41. Documents produced in this case with a designation of "HIGHLY CONFIDENTIAL" shall be treated as if such documents were designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY under this Protective Order.

42. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

43. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

44. The United States District Court for the Eastern District of New York is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be

binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of New York.

SIGNED this 11th day of Dec., 2008.

/s/ Ramon E. Reyes, Jr.
UNITED STATES MAGISTRATE JUDGE

51462/2671710.4

17

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER

## CONFIDENTIAL AGREEMENT

I reside at _____.

1. My present employer is _____.

2. My present occupation or job description is _____.

3. I have read the Agreed Protective Order dated _____, 2008, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled Web Tracking Solutions, LLC and Daniel Wexler v. Google, Inc.

4. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY or any other confidentiality designation in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information in documents designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY or any other confidentiality designation are to be returned to counsel who provided me with such material.

5. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

51462/2671710.4

18

6. In accordance with paragraph ___ (1__) of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past four (4) years, and the cases in which I have testified as an expert at trial or by deposition within the preceding four (4) years.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20____.

_____

51462/2671710.4

19