UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| | |
|---|---|
| WEB TRACKING SOLUTIONS, LLC and DANIEL WEXLER, | ) ) ) |
| *Plaintiffs*, | ) ) Case No: 1:08-cv-03139-RRM-RER |
| v. | ) ) ) ***JURY TRIAL DEMANDED*** |
| GOOGLE, INC., | ) ) ) |
| *Defendant*. | ) |

**WEB TRACKING SOLUTIONS, LLC AND DANIEL WEXLER'S ANSWER TO
GOOGLE, INC.'S SECOND AMENDED COUNTERCLAIMS**

Plaintiffs Web Tracking Solutions, LLC and Daniel Wexler ("Plaintiffs") submit this answer to Google, Inc.'s ("Google") counterclaims to the Second Amended Complaint.

**GENERAL DENIAL**

Unless specifically admitted below, Plaintiffs deny each and every allegation in Google's counterclaims.

**RESPONSES TO SPECIFIC ALLEGATIONS**

Plaintiffs respond to the numbered paragraphs of Google's counterclaims with the following like-numbered responses:

**THE PARTIES**

1. Plaintiffs are without information or knowledge sufficient to admit or deny the allegations in Paragraph 1 of Google's counterclaims and therefore deny the same.

2. Plaintiffs admit the allegations in Paragraph 2 of Google's counterclaims.

3. Plaintiffs admit the allegations in Paragraph 3 of Google's counterclaims.

1

## JURISDICTION AND VENUE

4. Plaintiffs admit this Court has subject matter jurisdiction for purposes of their claims against Google. The remaining allegations of Paragraph 4 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

5. Plaintiffs admit that jurisdiction is proper in this district for its claims against Google. The remaining allegations of Paragraph 5 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

6. Plaintiffs admit venue is proper in this Court for its claims against Google. The remaining allegations of Paragraph 6 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

## BACKGROUND FOR COUNTERCLAIMS

7. Plaintiffs admit the '409 patent was issued on September 29, 1999. The remaining allegations of Paragraph 7 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

8. Plaintiffs admit the allegations in Paragraph 8 of Google's counterclaims.

9. Plaintiffs admit they have alleged Google infringes, contributes to the infringement, and/or induces others to infringe the '409 patent. The remaining allegations of Paragraph 9 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

### FIRST CAUSE OF ACTION: Declaratory Judgment of Non-infringement

10. Plaintiffs incorporate herein by reference its responses to Paragraphs 1-9 of Google's counterclaims above.

11. Paragraph 11 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

### SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity

12. Plaintiffs incorporate herein by reference its responses to Paragraphs 1-11 of Google's counterclaims above.

13. Paragraph 13 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

14. Paragraph 14 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

15. Paragraph 15 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

### THIRD CAUSE OF ACTION: Declaratory Judgment of Unenforceability

16. Plaintiffs incorporate herein by reference its responses to Paragraphs 1-15 of Google's counterclaims above.

17. Paragraph 17 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

18. Paragraph 18 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

19. Paragraph 19 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

**FOURTH CAUSE OF ACTION:  Declaratory Judgment of Unenforceability Due to Inequitable Conduct**

20. Plaintiffs incorporate herein by reference its responses to Paragraphs 1-19 of Google's counterclaims above.

21. Paragraph 21 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

22. Paragraph 22 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

**Failure to Disclose the DoubleClick System**

23. Paragraph 23 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

24. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of Google's counterclaims. Further, Paragraph 24 calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

25. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 of Google's counterclaims. Further, Paragraph 25 calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

26. Paragraph 26 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

27. Plaintiffs admit that an email was sent between Daniel Wexler and George Nickas on May 2, 1996. The remaining allegations of Paragraph 27 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

28. Plaintiffs admit that an email was sent from Daniel Wexler to Dan Budne on November 29, 1996. The remaining allegations of Paragraph 28 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

29. Plaintiffs admit that an email was sent between Daniel Wexler and Pinar Ozdeger on December 5, 1996, and that an email was sent from Daniel Wexler to Steve Rubin on December 12, 1996. The remaining allegations of Paragraph 29 of Google's counterclaims call

for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

30. Paragraph 30 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

### Failure to Disclose the FocaLink System

31. Paragraph 31 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

32. Paragraph 32 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

33. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 of Google's counterclaims.  Further, Paragraph 33 calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

34. Paragraph 34 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

35. Paragraph 35 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

36. Plaintiffs admit an email was sent between Daniel Wexler and John Bohan on September 26, 1997. The remaining allegations of Paragraph 36 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

37. Paragraph 37 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

## Misrepresentations Regarding U.S. Patent No. 5,751,956

38. Paragraph 38 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

39. Paragraph 39 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

40. Plaintiffs admit that Google served claim charts on Plaintiffs on June 26, 2009. The remaining allegations of Paragraph 40 of Google's counterclaims call for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

41. Paragraph 41 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond. To the extent a response is required, Plaintiffs deny the same.

42. Plaintiffs admit a meeting with a patent examiner occurred on April 29, 1999. The remaining allegations of Paragraph 42 of Google's counterclaims call for a legal conclusion

to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

    43.    Paragraph 43 of Google's counterclaims calls for a legal conclusion to which Plaintiffs are not required to respond.  To the extent a response is required, Plaintiffs deny the same.

    Respectfully submitted,
WEB TRACKING SOLUTIONS, LLC
AND DANIEL WEXLER,

By their attorneys,
SIMMONS BROWDER GIANARIS
   ANGELIDES & BARNERD LLC

Dated:  January 20, 2010    By:  */s/ Paul A. Lesko*
    Paul A. Lesko *(pro hac vice)*
    Stephen C. Smith *(pro hac vice)*
    Jo Anna Pollock *(pro hac vice)*
    707 Berkshire Blvd.
    P.O. Box 521
    East Alton, IL 62024
    (618) 259-2222
    plesko@simmonsfirm.com

    Steven M. Hayes,
    Paul J. Hanly, Jr.
    Jayne Conroy
    HANLY CONROY BIERSTEIN
      SHERIDAN FISHER & HAYES LLP
    112 Madison Ave.
    New York, NY 10016-7416
    (212) 784-6400
    shayes@hanlyconroy.com

    Edward C. Flynn *(pro hac vice)*
    Paul D. Steinman *(pro hac vice)*
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    600 Grant Street, 44th Floor
    Pittsburgh, PA 15219
    (412) 566-2063
    eflynn@eckertseamans.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 20, 2010, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Thomas D. Pease
Alexander Rudis
Patrick D. Curran
Edward DeFranco
Aaron S. Kaufman
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000
(212) 849-7100 - facsimile
thomaspease@quinnemanuel.com
alexanderrudis@quinnemanuel.com
patrickcurran@quinnemanuel.com
eddefranco@quinnemanuel.com
aaronkaufman@quinnemanuel.com
**Attorneys for Google, Inc.**

            _/s/   Paul A. Lesko_
          **SIMMONS BROWDER GIANARIS**
           **ANGELIDES & BARNERD LLC**
            Attorneys for Plaintiffs